## HENRY S. FELPEL v. ABRAM HERSHOUR.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 23, 1889—Decided October 7, 1889.
[To be reported.]

1. The provisions of § 7, act of March 20, 1810, 5 Sm. L. 165, that a defendant in a suit before a justice of the peace, who shall neglect or refuse to set off therein any demand he may have against the plaintiff, not exceeding $100, shall be forever debarred from recovering it by any after suit, embraces a set-off for the wages of manual labor.

2. The various acts since passed, giving special protection to claims for wages of manual labor, such as those requiring bail for debt and interest on appeal, giving priority of trial and abolishing stay and exemption from execution, in suits thereon, are not inconsistent with, and do not repeal said provision of the act of 1810.

3. A defence to an action for wages, that a prior suit, still pending, was brought against the plaintiff by the defendant before a justice of the peace, in which the claim for wages might and should have been set off under § 7, act March 20, 1810, is not in the nature of a plea in abatement, but is essentially a plea in bar of the action.

4. Videtur: If a defendant sued before a justice sets off a counter-claim for wages, and judgment is rendered in his favor thereon, the relation of the parties is so changed that the plaintiff, on appealing from such judgment, should give bail for the amount of the set-off and interest, as well as for costs, in accordance with the act of April 20, 1876, P. L. 43.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 46 July Term 1889, Sup. Ct.; court below, No. 102 November Term 1888, C. P.

On November 16, 1888, Abram Hershour entered his appeal from a judgment against him in an action before an alderman of the city of Lancaster, brought by Henry S. Felpel, to recover wages of manual labor. On November 21, 1888, the plaintiff filed a statement of claim, setting out that there was due him from the defendant, for wages of manual labor as a farm hand, the sum of $49.65. The defendant pleaded non-assumpsit, payment and set-off.

At the trial February 4, 1889, before PATTERSON, J., the

plaintiff, being sworn in his own behalf, testified to the performance, during the years 1887 and 1888, of the services for the wages of which the suit was brought, stating that he had worked for the defendant by the day during 1887, and from March 5th to June 14th, in the year 1888, by the month. On cross-examination, he testified that the bargain under which he worked after March 5, 1888, was for $12.50 a month, for the year commencing on that date, but that he did not engage to work for the whole year; that he quit work and left on June 14, 1888; that on July 21, 1888, shortly after the witness had made demand of Mr. Hershour for a settlement, the latter brought suit before Wakeman Wesley, a justice of the peace, to recover damages from the witness for leaving his employment; that the witness appeared in that suit, but did not set up his claim for wages therein, and on October 30, 1888, brought the present action to recover the balance of the wages due him from Hershour on on June 14, 1888.*

At the conclusion of his own testimony the plaintiff rested, whereupon, on motion of the defendant's counsel, the court entered a judgment of compulsory nonsuit, with leave, etc.; exception.[1]

The plaintiff then took a rule to show cause why the judgment of nonsuit should not be taken off, which rule, after argument, was discharged.[3]

Thereupon the plaintiff took this writ, specifying that the court erred:

1. In directing the judgment of nonsuit.[1]

2. In entering the nonsuit without any appearance, objection, or plea in abatement having been made before the alderman.

3. In refusing to take off the judgment of nonsuit.[3]

*Mr. B. F. Davis*, for the plaintiff in error.

1. Claims for wages of manual labor are under the peculiar protection of the law: Section 1, act of April 9, 1872, P. L. 47; act of June 13, 1883, P. L. 116; § 1, act of April 20,

---

* It was made to appear, by a statement of the plaintiff's counsel in the court below, and from statements in the paper books filed, that an appeal had been taken from the judgment of magistrate Wesley, in the suit brought before him, which appeal was pending undetermined.

1876, P. L. 43; § 1, act of March 22, 1877, P. L. 13; § 1, act of June 12, 1878, P. L. 207; act of May 14, 1874, P. L. 145; act of March 4, 1887, P. L. 4. These acts confer upon aldermen and justices of the peace a peculiar jurisdiction, not previously existing, and operative only in favor of claimants or plaintiffs. In them, no reference is made to § 7, act of March 20, 1810, 5 Sm. L. 165, requiring defendants to set off their demands not exceeding $100, when sued before a justice, and therefore the provisions of that act do not apply to suits for labor claims governed by the later acts. Hence the court was in error in granting the nonsuit upon the authority of the act of 1810, which could not control the proceedings in this case: Chestnut Hill Turnp. Co. v. Martin, 12 Pa. 361.

2. Under the ruling of the court below, the beneficent objects of the later acts could be defeated or evaded by a tricky debtor, by simply bringing a groundless suit against the wage-earner. In the case in hand, the defendant's suit was brought, after receiving notice to settle from the plaintiff, merely to anticipate him. The act of May 23, 1887, P. L. 180, requiring the payment of wages in money, and that of March 4, 1887, P. L. 4, repealing the exemption law as to judgments for wages of manual labor, prevent the set-off of an ordinary judgment against such a judgment: Bosche v. Maurer, 5 Pa. C. C. R. 215. And yet we were expected to offer our claim for wages against the alleged claim of the defendant. The judgment of nonsuit practically repeals the acts relating to wages of manual labor, so far as respects the plaintiff: Rex v. Rex, 3 S. & R. 535.

3. But even if the act of 1810 should apply to this case, the nonsuit was error, because, though that act requires mutual claims to be settled in one action, it does not absolutely prevent parties from carrying on separate suits at the same time before a justice of the peace for their mutual demands, and when this is done without objection, both proceedings are valid: Groff v. Ressler, 27 Pa. 73. In this case, no objection to the present action was made before the alderman by the defendant, and the decision cited is therefore applicable and shows palpable error in the judgment. The position of the defendant is the same as if he had entered the plea of lis pendens. That is a plea in abatement: 1 Tr. & H. Pr., §§ 515, 516. After an

appeal from a justice a plea in abatement is too late, if none was made before the justice: Hinckley v. Smith, 4 W. 433.

4. There can be no set-off where the plaintiff has no cause of action: Claridge v. Klett, 15 Pa. 255. The evidence on the trial failed to show that the defendant had any cause of action in the suit brought by him before justice Wesley, which was cognizable before a justice of the peace. Before he would be entitled to a nonsuit, the defendant should have shown this affirmatively. If his claim for damages had reference to a contract of hiring, was it for negligence in the execution of the plaintiff's duty under the contract? If so it was for a tort, of which the justice had no jurisdiction: Zell v. Arnold, 2 P. & W. 292; Henion v. Morton, 2 Ash. 150. Nor had he any jurisdiction over consequential damages: Douglass v. Davidson, 1 Phila. 516. Nor, if the action sounded in tort, could any set-off be allowed: Kater v. Steinruck, 40 Pa. 501. A plea in abatement involves a matter of fact. There being no evidence to show that the justice had jurisdiction in the defendant's suit, the nonsuit in this case was error.

*Mr. W. U. Hensel* and *Mr. J. Hay Brown*, for the defendant in error:

1. The act of March 20, 1810, 5 Sm. L. 161, is imperative that a demand not exceeding $100 must be set off before a justice, otherwise the defendant shall be forever precluded from recovering it: Herring v. Adams, 5 W. & S. 460. The subsequent acts giving labor claims certain advantages, do not make them any exception to this rule.

2. Hershour was not bound to appear and plead in abatement before the alderman. His defence was not a plea in abatement. Upon the trial the plaintiff's own evidence disclosed a state of facts which forever debarred him from carrying on the suit. The court therefore properly entered the nonsuit.

3. Hershour's suit was not, like the cases cited by the plaintiff, brought to recover damages for a misfeasance; it was founded on a contract and was for a non-feasance. The two claims were proper subjects for set-off against each other: Zell v. Arnold, 2 P. & W. 294; Nickle v. Baldwin, 4 W. & S. 291; Steigleman v. Jeffries, 1 S. & R. 477; Carman v. Insurance Co., 6 W. & S. 155; Shoup v. Shoup, 15 Pa. 361; Phillips v. Lawrence, 6 W. & S. 150.

4. The fact that Hershour's claim was for unliquidated damages, would not prevent the setting off that of Felpel against it: Dom. S. M. Co. v. Saylor, 86 Pa. 291; Hunt v. Gilmore, 59 Pa. 454; Halfpenny v. Bell, 82 Pa. 130; Ellmaker v. Insurance Co., 6 W. & S. 439; Speers v. Sterrett, 29 Pa. 192; Fessler v. Love, 43 Pa. 318; Hubler v. Tamney, 5 W. 53; Gogel v. Jacoby, 5 S. & R. 122.

OPINION, MR. JUSTICE CLARK:

This suit was brought before an alderman to recover $49.65, being for wages of manual labor performed in the years 1887 and 1888. The defendant did not appear, but after judgment entered an appeal in the Common Pleas. At the trial, the defendant moved for a compulsory nonsuit, upon the ground that a previous action had been brought by the defendant in this suit, against the present plaintiff before another alderman, for a claim of damages amounting to $50, arising out of the same transaction and ex contractu, which action was still pending and undetermined, and that the claim now in suit, must be set off in that action, under the act of 1810. A nonsuit was entered, and upon a rule to show cause the court refused to take it off; this is the error assigned.

In actions brought to recover for the services of manual labor, certain special provisions have from time to time been made by statute, for sure and speedy collection; and the wages of labor have been accorded a species of protection which has not been extended to any other kind of claim. For examples, when judgment is rendered for the wages of manual labor, the defendant is entitled to an appeal only upon entering bail to secure the debt, interest, and costs: Act of April 20, 1876, P. L. 43; no stay of execution is allowed: Act of May 14, 1874, P. L. 145; nor exemption of property from attachment, levy, and sale, where the amount does not exceed $100: Act of March 4, 1887, P. L. 4; suits therefor are preferred on the trial list: Act of March 22, 1877, P. L. 13; and labor claims have preference over claims for rent: Act of June 12, 1878, P. L. 207. The plaintiff's argument is, that if labor claimants are obliged to set off their claims under the act of 1810, they may be deprived of some of the protection to which by law they are thus entitled, and generally, that the provisions of the act of

1810 are inconsistent with the purpose of the later provisions mentioned.

We cannot see any ground for this contention. The act of 1810, which is older than any of the special statutes referred to, certainly embraced a set-off for the wages of manual labor at the time of its passage; it has certainly been so understood ever since, and there is no statute which in terms in this respect abridges its effect. The act of 1810 is in no sense inconsistent with any of the provisions mentioned. It is urged that the act of April 20, 1876, P. L. 43, requiring bail for debt, interest, and costs on an appeal, applies only when the *defendant* appeals; and that if the wage-claimant is himself the defendant in the suit, and is bound to set off his claim of wages, the plaintiff may appeal without giving bail under that act, and then by a mere trick of an unscrupulous debtor, the labor claimant may be deprived of the security it was the plain purpose of the law to provide. But the difficulty is more apparent than real. A claim of set-off is in the nature of a cross action, and when judgment is entered upon it in the defendant's favor, the relation of the parties is changed; the plaintiff in the suit becomes defendant in the judgment, and that changed relation continues until an appeal is entered, when the case proceeds in the Common Pleas de novo. It follows that the bail for an appeal, even in such a case, must be according to the requirements of the act of April 20, 1876.

The plea as to pendency of the suit is not in the nature of a plea in abatement. It is essentially a plea in bar of the action; for the act of 1810 expressly provides that if the defendant "shall neglect or refuse to set off his demand," etc., he "shall be and is hereby forever debarred from recovering against the party plaintiff by any other suit."

Upon an examination of the whole case, we are satisfied the nonsuit was properly entered.

The judgment is affirmed.